UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    NAYYAR FAROOQ                )    Case No. 09-19564-SSM
    NAILA FAROOQ                 )    Chapter 13
                                      )
        Debtors           )

**MEMORANDUM OPINION**

A hearing was held on January 27, 2010, on the objections filed by Thomas P. Gorman, the standing chapter 13 trustee, and by CitiFinancial Auto Credit, Inc. ("CitiFinancial"), to confirmation of an amended plan filed by the debtors on January 8, 2010. The debtors, who are representing themselves, were present in person, as was the chapter 13 trustee. CitiFinancial was present by counsel. The court ruled from the bench that the plan had to be denied confirmation because, among other defects, (a) it improperly attempts to bifurcate Citifinancial's claim into secured and unsecured components and (b) it does not clearly state how the secured claims are to be paid. But in fact there are a plethora of additional problems with the plan which must be addressed in any modified plan.[1] The purpose of this opinion is simply to highlight those problems in the hope that they will be corrected if a modified plan is filed. The court notes, however, that chapter 13 is complex and that the standard form of plan in this district, while

---

[1] The court reminds the debtors that any modified plan must be filed within <u>21 days</u> of the order denying confirmation. Before filing the modified plan, the debtors must obtain a confirmation hearing date from the clerk's office that will provide at least <u>35 days notice</u> to creditors. The date and time of the confirmation hearing must be included in the modified plan. The debtors are reminded that they must attach to the plan (a) copies of Schedules I and J, and (b) a list of the names and addresses of all parties to whom the plan was mailed.

designed to be as simple as possible, unavoidably reflects the complexity of the laws governing the treatment of claims under chapter 13.  Put another way, neither chapter 13 nor the form plan were designed as a do-it-yourself undertaking.  Even experienced attorneys sometimes struggle to get a plan confirmed.  Although the debtors, as individuals, have the legal right to represent themselves, they are held to the same standards as attorneys with respect to formulation of a plan.  For that reason, the court would <u>strongly</u> encourage the debtors to seek the advice of an experienced attorney to assist them with preparing a modified plan.

In any event, the following are the significant problems the court has identified with the present plan:

- The mortgage and the vehicle loan are improperly included as priority claims in Section 2-B of the plan.  In bankruptcy, "priority" does not have its everyday meaning of "important" or "primary."  Rather it has a technical meaning and refers to those kinds of unsecured debt—listed in § 507(a) of the Bankruptcy Code—that Congress has determined should be paid ahead of other types of unsecured debt.  Neither a mortgage nor an automobile loan fall within the definition of a priority debt.

- The mortgage debt and the vehicle loan are also improperly addressed in Section 3-A of the plan, which values the collateral of secured creditors for the purpose of bifurcating undersecured claims into secured and unsecured components.  However, a mortgage loan against a debtor's principal residence cannot be bifurcated.  § 1322(b)(2), Bankruptcy Code; *Nobleman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).  The same is true of a loan secured by a purchase-money security interest in a motor vehicle purchased (as the debtors' vehicle was) within 910 days of the filing of the bankruptcy petition. § 1325(a) ("hanging paragraph").  Thus, neither debt should be listed in Section 3-A.

- The plan attempts to reamortize and pay both the mortgage and the vehicle loan through the plan (Section 3-D) while also, confusingly, providing for the maintenance of regular contract payments on the mortgage while curing prepetition defaults over 30 years.  Since the mortgage loan can neither be bifurcated nor its payment terms modified, it should not be referenced in Section 3-D at all.  Additionally, any cure of a mortgage loan default cannot occur over a period that exceeds the term of the plan, which is limited by law to five years.  It is also far from clear what is intended by the plan's description of the arrears (and monthly arrearage payment) as "(FHA) Partial claim."  If the lender has in fact agreed to specific terms for payment of arrears, there is no reason in principle why

those terms cannot be embodied in a chapter 13 plan, but it is not clear that the lender here has done so or what the terms are. If there is such an agreement, a copy should be attached to the modified plan. Although the vehicle loan cannot be bifurcated into secured and unsecured claims, it can be reamortized and paid, with interest, over the term of the plan in equal monthly payments, provided the payments are sufficient in amount to account for any expected depreciation in the value of the vehicle. The rate of interest need not be the contract rate—here, 14.25% —but may be one to three percentage points—this court typically requires two—over the current prime rate.[2] *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004).

● The mortgage loan is improperly included in Section 5-C of the plan, which is intended to address the rare case in which a mortgage against the debtor's principal residence becomes due (or, more typically, balloons) during the term of the plan. In that event, although the claim cannot be bifurcated into secured and unsecured components, it can be reamortized and paid over the term of the plan. § 1322(c)(2), Bankruptcy Code; *Witt v. United Companies Lending Corp. (In re Witt)*, 113 F.3d 508 (4th Cir. 1997).

● Neither the mortgage loan nor the vehicle loan should be listed in Section 7-A of the plan, which addresses lien avoidance motions under § 522(f), Bankruptcy Code. Although § 522(f) allows a debtor to avoid certain liens that impair an exemption to which the debtor would be entitled in the absence of the lien, a purchase-money security interest cannot be avoided under § 522(f) at all, and even a non-purchase money security interest cannot be avoided in a motor vehicle unless the vehicle qualifies as a tool of the trade. *In re Weinstein*, 192 B.R. 133 (Bankr. E.D. Va.1995). Additionally, § 522(f) does not allow the avoidance of a mortgage or deed of trust against real property. *In re Clark*, 217 B.R. 177 (Bankr. E.D. Va. 1998).

● As a final matter, it is questionable whether the payment of $150.00 per month for 60 months—besides being insufficient to pay even the trustee's 10% commission and the vehicle loan—satisfies either the good faith requirement of § 1322(a)(3) or the projected disposable income requirement of § 1322(b)(1)(B). The debtors—whose means test form reflects an annualized current monthly income that is above the state-wide median for a family of the same size—report disposable income under the means test of $1,240. Their schedules of monthly income and expenses reflects a monthly surplus of $266. (The actual figure reported on the Schedule J is $2,738, but this is plainly an arithmetic blunder. The correct figure, when the arithmetic is properly done, is $266.) Given the very low payout to unsecured creditors, it is doubtful that the court would confirm any

---

[2] The current prime rate is 3.25%, and a plan that provided for interest on the vehicle loan at 5.25% would therefore likely be confirmed, although the creditor would of course be free to present evidence that a higher margin over prime was necessary to adequately account for the risk of the loan. Citifinancial's filed proof of claim is in the amount of $11,593.56. To pay that amount over 60 months with interest at 5.25% would require payments of $220.12 per month.

plan that provided for payments of less than $265.00 per month for 60 months as satisfying the good faith requirement, and application of the disposable income test might well require more

A separate order will be entered denying confirmation, with leave to file a modified plan.

Date: _____     _____
                                   Stephen S. Mitchell
Alexandria, Virginia               United States Bankruptcy Judge

Copies to:

Nayyar Farooq
Naila Farooq
905 Stonefield Sq., N.E.
Leesburg, VA 20176
Debtors *pro se*

Sara A. John, Esquire
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
Counsel for CitiFinancial Auto Credit, Inc.

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee